IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EMMITT G. ROSCOE, ) | |
| Plaintiff, ) | Civil Action No. 7:18-cv-00332 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| JEFFERY KISER, *et al.*, ) | United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION**

Emmitt G. Roscoe, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants retaliated against him and denied him due process.[1] This matter is before the court on a partial motion to dismiss filed by defendants Warden Jeffery Kiser, Assistant Warden J. Artrip, Regional Administrator M. Elam, and Regional Operations Chief H.J. Ponton.[2] Having reviewed the record, the court concludes that the defendants' partial motion to dismiss must be granted in part and denied in part.

I. BACKGROUND

In Roscoe's second amended complaint, he asserts that the defendants violated his constitutional rights by retaliating against him for filing complaints and grievances and by depriving him of his right to due process during a disciplinary proceeding. Roscoe, who at all times relevant was held at Red Onion State Prison, requested an informal complaint form from Sgt. Hall because he and other inmates were not receiving showers or recreation time. On January 22, 2018, Roscoe initiated a hunger strike in protest of not being given an informal

---

[1] The court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

[2] Defendants Hearing Office M.L. Counts and Sergeant J.B. Hall filed an answer to Roscoe's second amended complaint. (Dkt. No. 37.)

complaint form and told Sgt. Hall that he would eat once he received an informal complaint form. (2d Am. Compl. ¶¶ 17-20, Dkt. No. 35.)

Sgt. Hall told Roscoe to "call off the strike . . . or [he will] plant a knife in [Roscoe's] cell." Roscoe asserts that two other inmates heard Sgt. Hall. On January 23, 2018, Sgt. Hall told Roscoe that if he did not eat, "he would not be released from segregation and that a false 120b (tampering with security device) [disciplinary charge] . . . wouldn't be all [Roscoe] had to worry about." (*Id.* ¶¶ 20-22.)

Later that day, Sgt. Hall started to conduct a strip search of Roscoe and Roscoe asked to speak with the Building Lieutenant. Roscoe told the Lieutenant about the threats, and the Lieutenant assured Roscoe that he would be present during the search; however, Roscoe did not see the Lieutenant during the strip search. No cell search was conducted, yet Sgt. Hall and a correctional officer packed Roscoe's items. Roscoe alleges that he saw Sgt. Hall "remove a white rag of some sort which contained something else . . . from [Sgt.] Hall's pocket." Roscoe was then moved to a new cell. The new cell did not have a flushing valve on the toilet or electrical outlet, and the window had a black flap which limited his ability to see outside. Subsequently, Roscoe was charged with possessing a weapon. (*Id.* ¶¶ 23-25.)

On January 24, 2018, Roscoe had a disciplinary hearing on the "120b (tampering with security device)" disciplinary charge, which was the reason he was in segregation. The hearing officer determined that Roscoe was innocent of the charge, yet Roscoe continued to be held in segregation pending the weapon possession charge. (*Id.* ¶26.)

On January 31, 2018, Roscoe had a disciplinary hearing on the weapon possession charge before Hearing Officer Counts. At the hearing, Off. Counts denied Roscoe's request to present witnesses or documentary evidence because Off. Counts determined that all of the proposed

witness testimony was not relevant. Off. Counts found Roscoe guilty of the weapon possession charge and fined him $15 and assigned him to long-term segregation. (*Id.* ¶ 27-29).

On February 2, 2018, Roscoe "[w]as officially ICA'd" and he was placed in level "S" segregation. Roscoe appealed his Institutional Classification Authority (ICA) determination to Regional Operations Chief Ponton and Regional Administrator Elam. Roscoe argued in his appeal that his security level was being increased only because of the "false" weapon conviction based on the "illegal" disciplinary hearing. (*Id.* ¶ 29.)

On February 12, 2018, Roscoe filed a level one appeal of the disciplinary decision. Roscoe asserted that the weapon possession charge was fabricated and that he was deprived due process because he could not call witnesses or present documentary evidence during his hearing. Upon review, Warden Kiser upheld the disciplinary conviction. On March 19, 2018, Roscoe filed a level two appeal to Regional Administrator Elam, who upheld the level one decision. (*Id.* ¶¶ 30-31.)

Liberally construed, Roscoe's claims are that: (1) Warden Kiser, Asst. Warden Artrip, Regional Administrator Elam, Regional Operations Chief Ponton, and Officer Counts violated his Fourteenth Amendment rights to due process related to a disciplinary hearing; and (2) Warden Kiser, Asst. Warden Artrip, Regional Administrator Elam, and Sgt. Hall retaliated against him in violation of the First Amendment. This matter is before the court on all defendants' partial motion to dismiss. All defendants seek dismissal of any monetary damage claims to the extent they are sued in their official capacities.[3] Defendants Warden Kiser, Asst. Warden Artrip, Regional Administrator Elam, and Regional Operations Chief Ponton (but not

---

[3] The court notes that the defendants argue that they are immune from suit in their official capacities for monetary damages. (Mem. Supp. Mot. Dismiss 2-3, Dkt. No. 39.) In his response to the motion to dismiss, Roscoe concedes that "[n]o monetary damages for act[s] committed by defendant[s] in their official capacities has been requested by [Roscoe]." (Resp. 3, Dkt. No. 45.) Thus, this part of the motion is moot.

Officer Counts) seek dismissal of the Fourteenth Amendment due process claim. Defendants Warden Kiser, Asst. Warden Artrip, and Regional Administrator Elam (but not Sgt. Hall) seek dismissal of the First Amendment retaliation claim.

II. DISCUSSION

**A. Standard of Review**

A complaint need only contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept as true all well-pleaded allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Roscoe is proceeding *pro se* and, thus, entitled to a liberal construction of the pleading. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A court considering a motion to dismiss can choose to begin

4

by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a deprivation of a federal right. *See Fisher v. Washington Metro. Area Transit Author.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982) (abrogated on other grounds by *Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991)).

**B. Due Process**

Defendants ask the court to dismiss Roscoe's Fourteenth Amendment Due Process claim against Asst. Warden Artrip, Regional Administrator Elam, Warden Kiser, and Regional Operations Chief Ponton. For the following reasons the court will grant the motion to dismiss as to Asst. Warden Artrip and Regional Operations Chief Ponton and deny the motion as to Regional Administrator Elam and Warden Kiser.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated "a right arising under the Constitution or laws of the United States." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015).

5

With all allegations in the complaint taken as true and all reasonable inferences drawn in Roscoe's favor, Roscoe has stated a claim against Warden Kiser and Regional Administrator Elam. The issue of whether Roscoe received due process during the disciplinary hearing is not currently before the court,[4] but Roscoe does allege sufficient facts to establish that if there was a due process violation, then Warden Kiser and Regional Administrator Elam had the opportunity to correct the violation when reviewing the appeals. Because the court concludes that Roscoe has stated a claim, the defendants' motion to dismiss as it pertains to the Fourteenth Amendment claim against Warden Kiser and Regional Administrator Elam will be denied.[5]

With respect to Asst. Warden Artrip and Regional Operations Chief Ponton, the court concludes that Roscoe has not stated a claim. Roscoe does not plead sufficient facts to establish personal involvement by Asst. Warden Artrip or Regional Operations Chief Ponton with respect to the disciplinary hearing. At most, Roscoe asserts that Asst. Warden Artrip was aware of Sgt. Hall's threat to plant a weapon on Roscoe and nothing more. Roscoe does not allege that Asst. Warden Artrip was involved in any way with the disciplinary hearing or in the appeal process. Moreover, Regional Operations Chief Ponton only became involved in the process after the disciplinary hearing concluded and an ICA review was scheduled. Roscoe does not allege that Regional Operations Chief Ponton had the authority to review the disciplinary hearing. Because Roscoe fails to establish that either Asst. Warden Artrip or Regional Operations Chief Ponton were personally involved in the alleged due process violation, he fails to state a claim against

---

[4] Moreover, the court does not have enough facts to make that determination.

[5] To the extent that Roscoe alleges that Regional Administrator Elam violated his due process rights because he took longer than sixty working days to complete his appeal decision in violation of Virginia Department of Corrections policy, the court concludes that Roscoe has not stated a claim of a due process violation. While state regulations may provide for more stringent procedural protections than the Constitution requires, "a state's failure to abide by its own law as to procedural protections is not a federal due process issue." *Brown v. Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) (citing *Riccio v. County of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990)).

them. Accordingly, the court will dismiss the Fourteenth Amendment claim as it pertains to Asst. Warden Artrip and Regional Operations Chief Ponton.

**C. Retaliation**

Defendants request that the court dismiss Roscoe's retaliation claim against Warden Kiser, Asst. Warden Artrip, and Regional Administrator Elam. The court concludes that Roscoe does not plead sufficient facts to establish that Warden Kiser, Asst. Warden Artrip, or Regional Administrator Elam retaliated against him and, therefore, will grant the defendants' partial motion to dismiss as to this claim.

"A plaintiff seeking to assert a § 1983 claim on the ground that he experienced government retaliation for his First Amendment-protected speech must establish three elements: (1) his speech was protected, (2) the alleged retaliatory action adversely affected his protected speech, and (3) a causal relationship between the protected speech and the retaliation." *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (summarily dismissing retaliation claim as insufficient because it consisted of merely conclusory allegations and no facts to show retaliatory motivation). "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of [the protected] rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005).

Here, it is uncontested that Roscoe has a protected First Amendment right to file grievances and file law suits. However, Roscoe fails to plead any facts to link Warden Kiser, Asst. Warden Artrip, or Regional Administrator Elam to the alleged retaliation. At most, Roscoe asserts that he spoke with Warden Kiser and Asst. Warden Artrip about Sgt. Hall's threat of retaliation and that Regional Administrator Elam upheld his disciplinary conviction and ICA

classification appeals despite knowledge of the alleged retaliation.  At no point does Roscoe assert that any of these defendants personally participated in the alleged retaliatory disciplinary charge.  Accordingly, the court concludes that Roscoe has not sufficiently plead a retaliation claim against Warden Kiser, Asst. Warden Artrip, or Regional Administrator Elam, and, therefore, the court will grant the defendants' partial motion to dismiss.

### III.  CONCLUSION

For the stated reasons, the court concludes that defendants' partial motion to dismiss will be granted in part as it relates to the Fourteenth Amendment claim against Asst. Warden Artrip and Regional Operations Chief Ponton and as it relates to the First Amendment claim against Warden Kiser, Asst. Warden Artrip, and Regional Administrator Elam.  The defendants' motion to dismiss will be denied in part as it relates to the Fourteenth Amendment claim against Warden Kiser and Regional Administrator Elam, and denied as moot as it relates to the claim for monetary damages against defendants in their official capacities.

An appropriate order will be entered.

Entered: August 12, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge