IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

EMMITT G. ROSCOE,                 )
       Plaintiff,                    )   Civil Action No. 7:18-cv-00332
v.                             )
                              )   By:  Elizabeth K. Dillon
JEFFERY KISER, *et al.*,        )        United States District Judge
       Defendants.            )

**MEMORANDUM OPINION**

Plaintiff Emmitt G. Roscoe, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  The court previously dismissed some claims and some defendants.  As set forth in the court's August 13, 2019 order, the following two claims remain in this case: Claim 1—a violation of plaintiff's Fourteenth Amendment right to due process, as against defendants Counts, Kiser, and Elam; and Claim 2—a First Amendment retaliation claim against defendant Hall.

Pending before the court is a motion for summary judgment by defendants Counts, Kiser, and Elam as to Claim 1.  The motion is fully briefed and ripe for disposition.  Upon review of the record, the court concludes that these three defendants are entitled to summary judgment in their favor.  Defendants acknowledge that there are disputes of fact as to the First Amendment claim against Hall, and that claim will be set for trial.

## I.   BACKGROUND

Roscoe is a Virginia inmate who, at all relevant times, was held at Red Onion State Prison ("Red Onion").  For purposes of resolving defendants' motion, there are few pertinent facts.[1]  Roscoe was charged with the disciplinary offense of possession or use of a weapon in

---

[1] Specifically, because the court concludes that Roscoe's disciplinary conviction did not trigger due process protections, the court will not set forth any detail about what Roscoe alleges were due process violations.

Case Number ROSP-2018-0096, and a disciplinary hearing was held on January 31, 2018, before

Hearing Officer Counts.

At the hearing, Officer Counts addressed Roscoe's five requests for documentary

evidence and three requests for witnesses or witness statements.  She denied all of these requests,

for reasons not necessary to discuss here.  Ultimately, Officer Counts found Roscoe guilty of the

offense and imposed only a $15 fine as a penalty.[2]

Roscoe appealed his conviction, and Warden Kiser upheld the decision of the hearing

officer.  Kiser concluded both that Roscoe's claims of being denied due process were not

meritorious and that there was sufficient evidence to uphold the conviction.  (Kiser Aff. ¶¶ 14–

15.)  Roscoe then appealed Kiser's decision to the Regional Administrator's Office.  (Elam Aff.

¶ 3.)  Defendant Elam timely responded to his appeal, addressing the issues raised by Roscoe.

Elam concluded that no procedural or due process violations had occurred, and he upheld Kiser's

decision.  (*Id.* ¶¶ 4–6.)

---

[2]   Roscoe's verified Second Amended Complaint appears to argue that the disciplinary conviction resulted
in him being placed in administrative segregation for an extended period of time.  (2nd Am. Compl. ¶ 27, Dkt. No.
35-1; *see also* Opp'n to Mot. Summ. J. ¶ 9, Dkt. No. 61 (claiming that he was held in segregation for twenty-one
months because of this conviction).)  For support, Roscoe presents documentation regarding his institutional
classification.  Those documents show that he was considered a candidate for release to the general prison
population before this conviction but, on the day before the challenged disciplinary hearing, he was no longer
recommended for release because of "disruptive behavior," a decision made final the day after the hearing.  (*See*
Pl.'s Exs. 2-1 and 2-2.)  What he fails to present is any evidence (aside from his own opinion) that the reason he was
retained in segregation for a lengthy period of time was solely because of this disciplinary conviction.  *See Williams
v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir. 2004) ("[A] self-serving opinion . . . cannot, absent objective
corroboration, defeat summary judgment.")  Significantly, the evidence related to this charge clearly shows that the
only direct punishment he received for the conviction was a $15 fine.  (*See* Counts Aff. ¶ 23 & Encl. F & G.)  In any
event, even if this conviction contributed to Roscoe's continued detention in segregation, the Supreme Court has
held that brief time spent in disciplinary segregation does not give rise to a constitutionally protected liberty interest.
*See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that thirty days in disciplinary segregation did not give rise
to a liberty interest); *see also Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (holding that a six-month stay in
administrative segregation, even in poor conditions, did not implicate a liberty interest).

## II.  DISCUSSION

### A.  Summary Judgment Standard

Under Rule 56, summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists only where the record, taken as a whole, could lead a reasonable jury to return a verdict in favor of the nonmoving party.  *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).  In making that determination, the court must take "the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (*en banc*).

A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Moreover, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Id.* at 247–48.  Instead, the non-moving party must produce "significantly probative" evidence from which a reasonable jury could return a verdict in his favor.  *Abcor Corp. v. AM Int'l, Inc.*, 916 F.2d 924, 930 (4th Cir. 1990) (quoting *Anderson*, 477 U.S. at 249–50).

Defendants' motion requests summary judgment on several grounds.  The court does not address all of them, but it concludes that summary judgment is appropriate for the reasons stated below.

### B.  The $15 Fine Imposed for Roscoe's Conviction Does Not Trigger Due Process Protections.

Plaintiff's claims against Counts, Kiser, and Elam allege violations of his Fourteenth Amendment due process rights.  "To state a procedural due process violation, a plaintiff must (1)

3

identify a protected liberty or property interest and (2) demonstrate deprivation of that interest

without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015).  At least in the

context of liberty interests, the Supreme Court has squarely held that an inmate establishes a

constitutionally protected liberty interest by showing an "atypical and significant" hardship or

deprivation in relation to the ordinary incidents of prison life.  *See Sandin v. Conner*, 515 U.S.

472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical,

significant deprivation that would give rise to a protected liberty interest).

Defendants argue that the $15 monetary fine imposed here is insufficient to trigger

constitutional due process protections, and the court agrees.  As several judges of this court have

recognized: "[S]mall monetary penalties and penalties that do not impose restraint do not impose

atypical and significant hardship on a prisoner in relation to the ordinary incidents of prison life

and are not constitutionally protected interests under the Due Process Clause." *Roscoe v.

Mullins*, No. 7:18CV00132, 2019 WL 4280057, at *3 (W.D. Va. Sept. 10, 2019) (granting

summary judgment in defendants' favor as to the due process claim where the only penalty

imposed was a $15 penalty), *appeal docketed*, No. 19-7343 (4th Cir. Sept. 24, 2019); *Ferguson

v. Messer*, No. 7:15CV00140, 2017 WL 1200915, at *8 (W.D. Va. Mar. 30, 2017) (concluding

that three $12 fines did not give rise to a protected property interest); *Bratcher v. Mathena*, No.

7:15CV00500, 2016 WL 4250500, at *1 (W.D. Va. Aug. 10, 2016) (finding $12 fine did not

pose an atypical and significant hardship on the plaintiff in comparison to the ordinary incidents

of prison life and so did not constitute a loss of a property interest).  Like the plaintiffs in those

cases, Roscoe was subjected only to a small fine ($15)—a penalty that is insufficient to give rise

to a protected property interest in the context of prison life under the rationale of *Sandin*.[3]

Moreover, the court notes that Roscoe (and any friends and family who voluntarily

placed monies into his inmate trust account) were fully notified by VDOC policies that some of

those monies might be removed to pay disciplinary fines. For all of these reasons, the court

concludes that the fine imposed on Roscoe for the disciplinary conviction in this case did not

place any atypical and significant hardship on him in comparison to the ordinary incidents of

prison life, *Sandin*, 515 U.S. at 484. Thus, it did not trigger due process protections.

## C. Defendants Are Entitled to Qualified Immunity.

Defendants also argue that they are entitled to qualified immunity on Roscoe's due

process claims, and the court agrees. The doctrine of qualified immunity "protects government

officials from liability for civil damages insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have

known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The burden of proof is on the party

seeking qualified immunity. *Wilson v. Prince George's Cty., Md.*, 893 F.3d 213, 219 (4th Cir.

2018).

In determining whether an official is entitled to summary judgment on the basis of

---

[3] Although the Fourth Circuit has not yet spoken directly on this issue, some courts have questioned whether *Sandin*'s analysis—requiring that the particular hardship be "atypical and significant" to create a constitutionally protected interest—applies in the context of property deprivations, given that *Sandin* addressed whether a particular deprivation implicated a liberty interest. *See Anderson v. Dillman*, 824 S.E.2d 481, 483–84 (Va. 2019) (noting the disagreement among federal courts on this issue and discussing the different rationales underlying the decisions). In particular, the *Anderson* court noted that cases from the Sixth and Tenth Circuits have applied *Sandin* in the context of property rights, while the Third and Fifth Circuits have stated *Sandin* does not control in a case involving a property interest. *Anderson*, 824 S.E.2d at 483 & n.4 (collecting authority); *see also Steffey v. Orman*, 461 F.3d 1218, 1222 n.3 (10th Cir. 2006) (identifying the Second and Fifth Circuits as holding that *Sandin* applies only to liberty interests and the Sixth and Ninth Circuits as suggesting, but not holding, the same). The Fourth Circuit indicated, albeit in an unpublished decision, that *Sandin* is applicable in this context when it applied *Sandin* to conclude that a prisoner "did not have a constitutionally protected liberty or property interest in his prison job." *Backus v. Ward*, 151 F.3d 1028, 1998 WL 372377, at *1 (4th Cir. 1998) (unpublished).

qualified immunity, courts engage in a two-pronged inquiry.  *Smith v. Ray*, 781 F.3d 95, 100 (4th

Cir. 2015).  The first prong asks whether the facts, taken in the light most favorable to the party

asserting the injury, show the defendant's conduct violated a constitutional right.  *Id.* (citing

*Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  The second prong asks whether the right was

"clearly established" at the time of the defendant's conduct.  *Id.*  If the answer to either prong is

"no," the official is entitled to qualified immunity.

For the reasons already discussed, defendants' conduct did not violate a constitutional

right.  But even if the court is incorrect about its ruling and a $15 fine could trigger constitutional

due process protections, and even if defendants violated Roscoe's due process rights during the

hearing or appeals, Roscoe cannot show that the right was "clearly established" at the time of his

disciplinary proceeding.  In particular, it was not clearly established in January 2018—when

Roscoe's disciplinary conviction proceedings occurred—that a $15 fine would trigger

constitutional due process protections.

In determining whether the law was clearly established, the court "'ordinarily need not

look beyond the decisions of the Supreme Court, [the Fourth Circuit Court of Appeals], and the

highest court of the state in which the case arose.'"  *Lefemine v. Wideman*, 672 F.3d 292, 298

(4th Cir. 2012) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 251 (1999) ), *vacated on

other grounds*, 568 U.S. 1 (2012).  No Supreme Court, Fourth Circuit, or Virginia case had held,

as of January 2018, that a small fine imposed on a prisoner, like the $15 fine here, could trigger

due process protections.  Indeed, numerous district courts within the Fourth Circuit had squarely

held that it did not.  *See Roscoe*, 2019 WL 4280057, at *3; *Ferguson*, 2017 WL 1200915, at *8;

*Bratcher*, 2016 WL 4250500, at *1.

The same result obtained in *Leek v. Miller*, 698 F. Appx 922 (10th Cir. 2017).  There, the court first noted that a prior published decision had expressly held that *Sandin*'s analysis applied to property interests.  *Leek*, 698 F. App'x at 928 (citing *Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010)).  The *Leek* court went on to hold that the defendants—who were accused of due process violations in prison disciplinary proceedings that resulted in fines ranging from $5 to $40—were entitled to qualified immunity.  After citing a number of unpublished Tenth Circuit decisions that assumed without deciding that a prisoner has a protected property interest in funds in his prison account, the *Leek* court summarized that it still was not clearly established in the Tenth Circuit "whether a prisoner has a protected property interest in his prison accounts."  *Id.* at 928–29.  Because the law was not clearly established on this point, qualified immunity was appropriate.  *Id.*  For like reasons, defendants are entitled to qualified immunity on Roscoe's due process claims.

## III.  CONCLUSION

For the foregoing reasons, the court will grant defendants' motion for summary judgment.  An appropriate order will be entered.

Entered: August 12, 2020.

/s/ *Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge